Per Curiam.
This is a mere question of construction of the respective deeds of the parties, by which partition was made in pais, each releasing to the other their respective rights in the parts described in their respective deeds.
It is conceded in the argument, that if by the operation of these deeds the soil in the highway was not divided and they are still tenants in common of that soil, this action of trespass cannot be maintained. It is also conceded, that it was competent for the parties to make partition of the lands adjoining the highway, and remain tenants in common of that soil, or to include the soil of the highway in their partition, subject to the public easement, at their pleasure. It therefore remains as a question of construction upon their deeds, whether the partition did or did not include the soil of the highway. The deeds being executed at the same time, and for the manifest purpose of enabling each to hold in severalty, what they before that time held in common, it is reasonable to consider them as parts of one transaction, and to construe them together. From these deeds it appears, that the parties respectively released and quit-claimed to each other, tracts of land to hold in severalty, the one upon" the southerly and the other upon the northerly side of the way in question.
By these deeds, two tracts are released to one party, and one tract to the other. The description of each tract begins at a stake and stones, on the side of the town road, thence runs various courses, thence to said road, and thence by said road to the place of beginning.
From this description, we are all of opinion, that the line must begin on the side of the road, and at that point exclude the road ; then the question .is, whether when the description returns to the road again, it shall be taken to mean the side or the centre of the road. If construed to be the centre, then the remaining line would neither be by the side of the road nor the centre, but by a diagonal line from a point in the centre to a point in the side. This would not only be obscure and *255 inconsistent with any supposed intent of the parties, but repugnant to the last clause in the description, which is, “ by said road to the place of beginning.” As one point in this line is fixed by the description to the side of the road, we are satisfied that by a just and necessary construction, the other point must be taken to be at the side of the road, and therefore that the soil of the road was not included.
The strongest argument opposed to this construction is, that the parties intended to make partition of their entire interest. Without weighing the force of this argument if well founded, we can perceive no evidence of any such intention. There is no recital to that effect, and nothing to show that the parties did not continue to be tenants in common of other parts of the farm. Each releases to the other, his right in specific portions of the land, very particularly described. No inference can be drawn that their purpose was to divide the whole of their common property.
It is further insisted, that-there could be no motive to leave the soil in the highway undivided. Without insisting upon the small value of the soil of a highway over which the public has a perpetual easement, or the popular belief, that the public are the owners of the soil of a highway, it may well be suggested, that they looked to the possibility of the discontinuance of the road as a public highway, in which case both would have an interest to secure a common right of way to their respective estates. But without particularly inquiring into motives, which could have no weight except in a doubtful case, we are satisfied, that the deeds in severalty did not embrace the soil of the highway, that of this the parties still remained tenants in common, and therefore, that this action cannot be maintained.[1]

Plaintiff nonsuit.